FILED
CLERK

3/17/2023 4:06 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

JOHN JIMENEZ,

                Plaintiff,

      -against-

ROGER CHUNG, Senior Parole Officer;
TOOLCHAND BISRAM, Parole Officer,

                Defendants.
---------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-3090 (JMA) (AYS)

**AZRACK, United States District Judge:**

    Before the Court is the pro se complaint filed by Plaintiff John Jimenez against Senior Parole Officer Roger Chung and Parole Officer Toochand Bisram (together, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging, inter alia, a deprivation of his Fourteenth Amendment rights. (See Compl., ECF No. 1.) Plaintiff paid the Court's filing fee. (See Receipt No. 32742.) For the following reasons, the Court sua sponte dismisses the Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3).

### I.    BACKGROUND[1]

    Plaintiff's brief, handwritten Complaint is submitted on the Court's Section 1983 complaint form. The gravamen of the Complaint is that the Defendants did not timely notify Plaintiff that he had been discharged from parole supervision. (Compl. at 6–8.) Plaintiff alleges that he was discharged from supervised release on April 16, 2021. (Id. at 6.) However, Defendants did not notify him of his discharge until nearly eleven months later, on March 15,

---

[1] All material allegations in the Complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (explaining that in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2022.  (Id. at 7.)  As a result, he continued to report to the Parole Office twice per month and complied with an 8:00 p.m. curfew for approximately eleven months longer than required.  (Id.) He further alleges that Defendant Bisram made "constant unannounced visits to Plaintiff's home and work place" after April 16, 2021, when his discharge was granted.  (Id.)  Plaintiff claims that Defendants acted "deliberately and intentionally" and in "retaliation against the new changes in the parole laws and punished Plaintiff with an extra 11 months of parole supervision."  (Id. 7–8.)

Plaintiff asserts that he suffered a deprivation of his Fourteenth Amendment rights and that Defendants violated 18 U.S.C. §§ 241–42.  (Id. at 4.)  Plaintiff has crossed out the section of the complaint form that calls for a description of any injuries suffered.  (Id. at 9.)  However, he seeks to recover punitive damages in the amount of $1 million, and he also asks the Court to "[i]nitiate a criminal investigation through the F.B.I. and U.S. Attorney's office[.]" (Id.)[2]

## II.  DISCUSSION

### A. Standard of Review

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complainant "need only give the defendant fair notice of what the . . . claim is and the

---

[2]     Although Plaintiff is proceeding pro se, he also seeks recovery of attorney's fees.  (Id.)

2

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**B.** **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). To state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan,

3

526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Cornejo, 592 F.3d at 127 (quoting Pitchell, 13 F.3d at 547); see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**C.      Immunity**

The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacities, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). "It is well-established that New York State has not consented to § 1983 suits in federal court . . . and that § 1983 was not intended to override a state sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191–92 (2d Cir. 2010) (citations omitted). "As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment." Kalamaras v. New York State Div. of Parole, No. 15-CV-3775, 2015 WL 6760330, at *2 (E.D.N.Y. Nov. 5, 2015); Garcia v. Div. of Parole Exec. Dep't, No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991)). This immunity extends to damages claims against state officials acting in their official capacity. See, e.g., Jefferson v. Chicara, No. 13-CV-5649, 2014 WL 320501, at *3 (E.D.N.Y. Jan. 27, 2014) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch.

4

& Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)).

Here, to the extent that Plaintiff asserts Section 1983 claims against Defendants in their official capacities, the Eleventh Amendment divests this Court of subject matter jurisdiction over such claims. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). See also Darcy v. Lippman, 356 F. App'x 434, 436–37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). Accordingly, Plaintiff's Section 1983 claims against Defendants in their official capacities are dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).[3]

**D.      Claims Against the Defendants in Their Individual Capacities**

Given Plaintiff's pro se status, the Court liberally construes the Complaint to assert Section 1983 claims against the Defendants in their individual capacities. As noted above, a plausible Section 1983 claim requires conduct by a state actor that "deprive[s] a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Cornejo, 592 F.3d at 127 (citation omitted).

Here, Plaintiff has not plausibly alleged a Section 1983 claim against Defendants in their individual capacities. Plaintiff alleges that Defendants "deliberately and intentionally" withheld the fact that he had been discharged from parole supervision. (Compl. at 7.) Plaintiff also alleges

---

[3]      The Court notes that Plaintiff's Section 1983 claims must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

5

that Defendants "illegally and unlawfully kept him on 'parole supervision' as retaliation against the new changes in the parole laws[.]" (Id. at 8.) As is readily apparent, Plaintiff's allegations are merely legal conclusions unsupported by any facts, which the Court need not accept as true. See Twombly, 550 U.S. at 555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and that entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action") (internal quotation marks and citation omitted).

Thus, Plaintiff's Section 1983 claims against the Defendants in their individual capacities are not plausible and are dismissed without prejudice. Morabito v. New York, 803 F. App'x 463, 466 (2d Cir.), as amended (Feb. 27, 2020), cert. denied, 141 S. Ct. 244 (2020), reh'g denied, 141 S. Ct. 886 (2020) (finding district court properly held that plaintiffs failed to state Section 1983 claim against defendant in his individual capacity in the absence of factual allegations establishing his personal involvement). Plaintiff may amend these claims as set forth below (see infra at 7.). See, e.g., Kalamaras v. Ewald, No. 13-CV-4274, 2013 WL 6081705, at *5 (E.D.N.Y. Nov. 18, 2013) (sua sponte dismissing individual capacity claims against parole officers and granting leave to amend).

### E.  Claims Based on Criminal Statutes

Plaintiff also seeks relief pursuant to 18 U.S.C. §§ 241–42. (See Compl. at 4.) However, these criminal statutes do not provide a private cause of action. See Hariprasad v. Master Holdings Inc., 788 F. App'x 783, 786 (2d Cir. 2019) ("[A] criminal statute does not routinely create a private right of action without a specific statutory basis for implying one.") (citing Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979)); see also Robinson v. Overseas Military Sales

6

Corp., 21 F.3d 502, 511 (2d Cir. 1994) (18 U.S.C. § 242 "do[es] not provide [a] private cause[ ] of action"). Accordingly, Plaintiff's claims asserted under Sections 241 and 242 of Title 18 are dismissed.

### III.    LEAVE TO AMEND

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

The Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's official capacity claims and Title 18 claims are substantive and could not be cured in an amended pleading, leave to amend the complaint as to these claims is denied. However, in an abundance of caution and in light of Plaintiff's pro se status, the Court grants leave to amend the complaint to allege facts in support of any individual capacity Section 1983 claims he has against the Defendants. Any amended complaint shall be clearly labeled "Amended Complaint", bear the same docket number as this Order, 22-CV-3090 (JMA) (AYS), and shall be filed within thirty days from the date of this Order. Failure to file an Amended Complaint within the time allowed will lead to the entry of judgment and the case shall be closed. An amended complaint does not simply add to the first complaint. Rather, once an

amended complaint is filed, it completely replaces the original complaint. Therefore, Plaintiff must include in the Amended Complaint all the necessary allegations and Defendants contained in the original complaint. In addition, Plaintiff must include facts in support of his claims against each individual named as a defendant, including a description of each defendant's personal involvement in the violation of Plaintiff's constitutional rights.

### IV.   CONCLUSION

For the forgoing reasons, the Court sua sponte dismisses Plaintiff's Section 1983 claims and his claim brought pursuant to 18 U.S.C. §§ 241–42. However, Plaintiff is granted leave to amend his complaint to properly allege a Section 1983 claim against Defendants in their individual capacities, in accordance with the guidance set forth above. If Plaintiff wishes to file an amended complaint, he must do so by April 17, 2023.

In light of this Order, Defendants' request for a pre-motion conference regarding their anticipated motion to dismiss (ECF No. 11), is denied as moot.

Although Plaintiff paid the filing fee to commence this action, should he seek leave to appeal in forma pauperis ("IFP"), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to Plaintiff at his address of record.

**SO ORDERED**.

Dated:   March 17, 2023
         Central Islip, New York              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE