UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOHN JIMENEZ,

                                     Plaintiff,

-against-

TOOLCHAND BISRAM: PAROLE OFFICER;
ROGER CHUNG: SENIOR PAROLE OFFICER,
In their individual and personal capacity,

                                    Defendants.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**
22-cv-3090 (JMA) (AYS)

FILED
CLERK
3:44 pm, Jul 10, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In this action, Pro Se Plaintiff John Jiminez alleges that Defendants Parole Officer Toolchand Bisram and Senior Parole Officer Roger Chung violated 42 U.S.C. § 1983 when they did not timely notify Plaintiff of his discharge from parole supervision. (See ECF No. 14, at 7–9 ("AC").) Defendants—by their attorney Letitia James, Attorney General of the State of New York—move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (See ECF No. 22 ("Defs.' Mot.").) Defendants' motion is unopposed. For the below reasons, the Court grants Defendants' motion and dismisses Plaintiff's claims in their entirety without leave to replead.

### I.    BACKGROUND[1]

**A.    Factual Background**

Plaintiff alleges that he was not timely notified of his discharge from parole supervision. (See AC at 7–9.) Plaintiff was discharged from post-release supervision on March 15, 2022. (See

---

[1] This Memorandum and Order draws its facts from Pro Se Plaintiff's Amended Complaint (ECF No. 14 ("AC")); Plaintiff's exhibits attached thereto (see id.); and Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF No. 22 ("Defs.' Mot.")).

id. ¶ 33.) Plaintiff's effective date of post-release supervision was April 16, 2021 because of retroactive credit he received as part of the "Less is More Act."[2] (See id. at 9, 11; see also id. Ex. A.) Plaintiff alleges that he was unlawfully on parole supervision for eleven months. (See id. ¶ 38.)

**B.    Procedural History**

On May 25, 2022, Plaintiff filed his original Complaint. (See ECF No. 1 ("Compl.").) By letter dated October 4, 2022, Defendants requested a pre-motion conference with respect to Plaintiff's original Complaint. (See ECF No. 11.) By Order dated March 17, 2023, the Court dismissed Plaintiff's 42 U.S.C. § 1983 claims and his claim brought under 18 U.S.C. §§ 241–42 sua sponte. (See ECF No. 13.) The Court granted Plaintiff leave to amend his Complaint to allege a 42 U.S.C. § 1983 claim against Defendants in their individual capacities. (See id. at 7.) On April 17, 2023, Plaintiff filed an Amended Complaint. (See AC.) On October 19, 2023, Defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (See Defs.' Mot.) To date, Plaintiff has not opposed Defendants' motion to dismiss.

## II.    DISCUSSION

**A.    Applicable Law**

**1.    Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).**

Defendants argue—among other things—that Plaintiff's claims are inadequately pleaded. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

---

[2]    The "Less is More Act" took effect March 1, 2022 and provided that "[r]etroactive earned time credits shall be awarded to eligible persons subject to community supervision at the time this legislation becomes effective." N.Y. Penal Law §70.40(4)(c); 2021 Sess. Law News of N.Y. Ch. 427 § 10 (S. 1144-A). The "Less is More Act" also granted DOCCS and the parole board six months to calculate and award all earned time credits under the Act. See 2021 Sess. Law News of N.Y. Ch. 427 § 10 (S.1144-A).

2

is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Allco Fin. Ltd. v. Klee, 861 F.3d 82, 94–95 (2d Cir. 2017) (quoting Iqbal, 556 U.S. at 678). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks and citation omitted, and alterations adopted); see also Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008) (explaining that a court need not accept "conclusory allegations or legal conclusions masquerading as factual conclusions") (internal citation omitted).

When—as here—the plaintiff is proceeding pro se, his complaint is "held to [a] less stringent standard[ ] than formal pleadings drafted by lawyers." Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). A district court must actively "interpret [his complaint] 'to raise the strongest arguments that [it] suggest[s].'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Unless it is "beyond doubt" that a pro se plaintiff may "prove no set of facts in support of his claim[s] which would entitle him to relief," his complaint should not be dismissed. Thomas & Agnes Carvel Found. v. Carvel, 736 F. Supp. 2d 730, 756 (S.D.N.Y. 2010) (quoting Leibowitz v. Cornell Univ., 445 F.3d 586, 590 (2d Cir. 2006)). "That said, the liberal pleading standard accorded to pro se litigants is not without limits, and all normal rules of pleading are not absolutely suspended." Hill v. City of N.Y., No. 13-cv-8901 (KPF), 2015 WL 246359, at *2 (S.D.N.Y. Jan. 20, 2015) (internal quotation marks and citation omitted). A pro se plaintiff's factual allegations still must at least "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

A court adjudicating a motion to dismiss under Rule 12(b)(6) "may review only a narrow universe of materials." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). This narrow

3

universe includes the "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." Id. (internal citation omitted and alternations adopted); see also United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021).

**B.    Analysis**

Defendants argue the Court must dismiss Plaintiff's Amended Complaint with prejudice for three reasons. First, Defendants argue that Plaintiff's Section 1983 claims asserted against them in an individual capacity fail to state a claim upon which relief may be granted. (See Defs.' Mot. 4–6, 8–9.) Second, Defendants argue that—to the extent Plaintiff asserts Section 1983 claims against them in their official capacities—such claims are barred by the Eleventh Amendment to the United States Constitution. (See id. at 6–8.) Third (and alternatively), Defendants argue they are entitled to qualified immunity for their actions. (See id. at 9–11.) The Court addresses the pleading issues raised by Defendants seriatim.

**1.    Plaintiff's Claims Asserted Under 42 U.S.C. § 1983 Against Defendants in Their Individual Capacities Fails to State a Claim.**

*a)    Applicable Law.*

Section 1983 establishes liability against any person who, under the color of state law, causes the deprivation "of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." Swinson v. City of N.Y., No. 19-cv-11919 (KPF), 2022 WL 142407, at *4 (S.D.N.Y. Jan. 14, 2022) (quoting City of Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)). A "[Section] 1983 claim has two essential elements: [i] the defendant acted under color of state law; and [ii] as a result of the defendant's actions, the plaintiff suffered a denial of h[is] federal statutory rights, or h[is] constitutional rights or privileges." Annis v. Cnty. of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

4

"To state a claim for liability under [S]ection 1983 against a government official sued in his or her individual capacity, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" McCluskey v. Roberts, No. 20-4018, 2022 WL 2046079, at *3 (2d Cir. June 7, 2022) (summary order) (quoting Tangreti v. Bachmann, 983 F.3d 609, 616 (2d Cir. 2020)).  Failing to allege that a defendant was personally involved in, or responsible for, the alleged constitutional violation renders a complaint "fatally defective on its face."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted); see also Dubois v. Beaury, No. 21-2096, 2022 WL 1701497, at *4 (2d Cir. May 27, 2022) (stating that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983") (internal quotation marks omitted)).  That's because "there is no special rule for supervisory liability" for claims under Section 1983.  Tangreti, 983 F.3d at 618.  Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  Id. (quoting Iqbal, 556 U.S. at 676).

The personal involvement of a supervisory official may be established under Section 1983 when:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  Broad, conclusory allegations that a high-ranking defendant was informed of an incident are also insufficient.  See, e.g., Partee v. Grood, No. 06-cv-15528 (SAS), 2007 WL 2164529, at *5 (S.D.N.Y. Jul. 25, 2007) (holding that a prison

5

official "cannot be held liable on the sole basis that he did not act in response to letters of protest....").

                        b)     *Analysis.*

Defendants argue that Plaintiff's Section 1983 claims against them in their individual capacities fail for two reasons.

First, Defendants argue that Plaintiff's claim against Defendant Chung must be dismissed because "Plaintiff does not allege that Senior Parole Officer Chung was personally involved in any of the alleged misconduct. Further, the Amended Complaint fails to allege any specific instances in which Chung participated in the alleged constitutional violation, failed to remedy it, fashioned a policy under which it occurred, was grossly negligent in supervising subordinates, or exhibited deliberate indifference by failing to act on information that unconstitutional acts were occurring." (Defs.' Mot. 5.) The Court agrees with Defendants that Plaintiff has failed to plausibly allege that Defendant Chung had any personal involvement in the alleged misconduct. Thus, Plaintiff has failed to plausibly plead a Section 1983 claim against Defendant Chung, and his claim must be dismissed against him. See Alfaro Motors, Inc., 814 F.2d at 886 (failure to allege that a defendant was personally involved in, or responsible for, the alleged constitutional violation renders a complaint "fatally defective on its face"); see also Morabito v. New York, 803 F. App'x 463, 466 (2d Cir. 2020) (summary order), as amended (Feb. 27, 2020), cert. denied, 141 S. Ct. 244 (2020), reh'g denied, 141 S. Ct. 886 (2020) (finding district court properly held that plaintiffs failed to state Section 1983 claim against defendant in his individual capacity in the absence of factual allegations establishing his personal involvement).

Second, Defendants argue that Plaintiff's allegations under Section 1983 against both parole officers "fail to state a claim upon which relief may be granted." (Defs.' Mot. 8.) The Court agrees again, so Plaintiff's claims against both Defendants must be dismissed. The Amended

6

Complaint fails to show how Defendant Chung and Defendant Bisram deprived plaintiff of any constitutional right, other than to state that "defendants Senior Parole Officer Roger Chung and Parole Officer Toolchand Bisram, in their individual and personal capacity, with malice, ill-will, prejudice and spite, deliberately, intentionally and unlawfully held me on parole supervision for an extra eleven (11) months to punish me for no legitimate penological goal or interest and to cause injury by keeping me on parole after the BOARD OF PAROLE made their decision and discharged me from my parole sentence." (AC ¶ 32.) As is readily apparent, Plaintiff's allegations are merely legal conclusions unsupported by any facts, which the Court need not accept as true. See Harris, 572 F.3d at 72 ("[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal quotation marks and citation omitted, and alterations adopted); see also Twombly, 550 U.S. at 555 (explaining that courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and that entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action") (internal quotation marks and citation omitted).

2. **Plaintiff's Causes of Action Against Defendants in their Official Capacities are Barred by the Eleventh Amendment and the Terms of 42 U.S.C. § 1983.**

    a)    *Applicable Law.*

Defendants next argue that all claims asserted against them in their official capacities are barred by the Eleventh Amendment and the terms of Section 1983. (See Defs.' Mot. 6–8.) "The Eleventh Amendment generally bars suits against a state in federal court."[3] Pikulin v. City Univ.

---

[3] More specifically, the Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacities, absent the state's consent to suit or an express or statutory waiver of immunity. See Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). "It is well-established that New York [State] has not consented to [Section] 1983 suits in federal court . . . and that [Section] 1983 was not

of N.Y., 176 F.3d 598, 600 (2d Cir. 1999) (per curiam). "When a defendant is sued in his official capacity, [courts] treat the suit as one against the 'entity of which an officer is an agent.'" D'Alessandro v. City of N.Y., 713 F. App'x 1, 8 (2d Cir. 2017) (summary order) (quoting Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)). "As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment." Kalamaras v. New York State Div. of Parole, No. 15-cv-3775, 2015 WL 6760330, at *2 (E.D.N.Y. Nov. 5, 2015); see also Garcia v. Div. of Parole Exec. Dep't, No. 09-cv-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole "'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest'") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n.1 (2d Cir. 1991)). This immunity extends to damages claims against state officials acting in their official capacity. See, e.g., Jefferson v. Chicara, No. 13-cv-5649, 2014 WL 320501, at *3 (E.D.N.Y. Jan. 27, 2014) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101–03 (1984)).

   b) *Analysis.*

Here, to the extent that Plaintiff asserts Section 1983 claims against Defendants in their official capacities, the Eleventh Amendment divests this Court of subject matter jurisdiction over such claims. See Graham, 473 U.S. at 169 ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."); see also Darcy v. Lippman, 356 F. App'x 434, 436–37 (2d Cir. 2009) (summary order) ("The Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). Accordingly, Plaintiff's Section

---

intended to override a state sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191–92 (2d Cir. 2010) (summary order) (citations omitted).

1983 claims against Defendants in their official capacities are dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).[4]

### 3. Qualified Immunity.

Defendants argue in the alternative that they are entitled to qualified immunity for their actions. (See Defs.' Mot. 9–11.) The Court need not consider the issue, as it dismisses Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

### 4. Leave to Amend.

Lastly, Defendants argue that the Court should dismiss Plaintiff's Amended Complaint with prejudice. (See Defs.' Mot. 11.) "The Second Circuit has instructed courts not to dismiss a complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Howard v. Brown, No. 15-cv-09930 (ER), 2018 WL 3611986, at *6 (S.D.N.Y. July 26, 2018) (quoting Shabazz v. Bezio, 511 F. App'x 28, 31 (2d Cir. 2013) (summary order)). However, where "the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct these deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." Coon v. Benson, No. 09-cv-00230 (SCR) (LMS), 2010 WL 769226, at *4 (S.D.N.Y. Mar. 8, 2010). Here, the Court previously detailed the deficiencies in his original Complaint and provided Pro Se Plaintiff leave to amend. (See ECF No. 13.) However, his Amended Complaint

---

[4] The Court notes that Plaintiff's Section 1983 claims must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under [Section] 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); K&A Radiologic Tech. Servs., Inc. v. Commissioner, 189 F.3d 273, 278 (2d Cir. 1999); Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1998). Similarly, State officials cannot be sued in their official capacities for monetary damages in federal court due to the same prohibition against suing the States under § 1983. See generally Hafer v. Melo, 502 U.S. 21 (1991); see also Will, 491 U.S. at 71 (1989) (where the court held that State officials "acting in their official capacities" are outside the definition of "persons" subject to liability under § 1983.)

9

fails to address these exact same deficiencies. Therefore, Pro Se Plaintiff's claims must be dismissed with prejudice without leave to replead.

### III.    CONCLUSION

For the above reasons, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 22) and DISMISSES Pro Se Plaintiff's Amended Complaint in its entirety without leave to replead.

Although Plaintiff paid the filing fee to commence this action, should he seek leave to appeal in forma pauperis ("IFP"), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22, to enter judgment accordingly, and to close the case. The Clerk of the Court is moreover directed to mail a copy of this Memorandum and Order to Pro Se Plaintiff at his address listed on ECF and file proof of service on the docket.

**SO ORDERED.**

Dated:   July 10, 2024
            Central Islip, New York

                                                        /s/ JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE